```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
```

Care One, LLC, et al.,            :
                                  :
                                  :
     Plaintiffs,                  :
                                  :
v.                                :   Case No. 3:23-cv-00831 (RNC)
                                  :
National Labor Relations Board,   :
et al.,                           :
                                  :
     Defendants.                  :

RULING AND ORDER

Plaintiffs seek an injunction that would put a stop to and invalidate an ongoing evidentiary hearing in an administrative enforcement action brought against them by the National Labor Relations Board ("NLRB") in 2012.  They claim that the requested injunction is necessary to protect them against irreparable harm that inheres in being subjected to an illegitimate proceeding for any period of time.  The hearing in the underlying enforcement action is illegitimate, they contend, because the NLRB lacked a quorum when it appointed the presiding administrative law judge, Kenneth Chu, in 2012.  See NLRB v. Noel Canning, 573 U.S. 513 (2014).  In addition, they claim that the two-level, for-cause protection against removal enjoyed by NLRB ALJs violates the Take Care Clause of the Constitution.[1]

---

[1] Whether cause exists for removal of an ALJ appointed by the NLRB is determined in the first instance by the Merit Systems

Plaintiffs rely on Free Enter. Fund v. Pub. Co. Acct. Oversight Bd., 561 U.S. 477 (2010), which involved stringent protection against removal for members of the Public Company Accounting Oversight Board (PCAOB).  The Fifth Circuit has extended the Free Enterprise decision to invalidate two-level, for-cause removal protection for ALJs.  See Jarkesy v. SEC, 34 F.4th 446, 463 (5th Cir. 2022), cert. granted, 22-859, 2023 WL 4278448 (June 30, 2023).

The NLRB opposes the requested injunction on the ground that plaintiffs have not met their burden of demonstrating a clear or substantial likelihood of success on the merits of their challenge to the legitimacy of ALJ Chu's authority.  With regard to the claim premised on the admitted defect in his initial appointment, the NLRB submits that the defect was rendered moot when a full quorum of the NLRB ratified his appointment in 2014.  With regard to the claim based on the Take Care Clause, it submits that the claim has given rise to a circuit split that awaits resolution by the Supreme Court.  I agree that plaintiffs have not met their burden of demonstrating that their claims are

---

Protection Board, whose members are removable by the President only for cause.  See 5 U.S.C. § 1202(d).  Members of the NLRB, which must act on the MSPB's decision, can be removed by the President only "for neglect of duty or malfeasance in office." 29 U.S.C. § 153(a).

2

clearly likely to succeed on the merits and therefore deny the motion.[2]

I.

In 2012, the NLRB's general counsel initiated the underlying enforcement action in which plaintiffs, Connecticut nursing homes, are charged with engaging in unfair labor practices prohibited by the National Labor Relations Act.  See NLRB Case Nos. 34-CA-070823, et al.[3]  At the same time, the NLRB successfully petitioned this Court for an injunction preventing the nursing homes from engaging in unfair labor practices during the pendency of the administrative proceeding.  Kreisberg v. Healthbridge Mgmt., LLC, 12-cv-1299, 2012 U.S. Dist. LEXIS 175423 (D. Conn. Dec. 11, 2012), aff'd, 732 F.3d 131 (2d Cir. 2013).  In February 2013, plaintiffs filed Chapter 11 bankruptcy petitions in the Bankruptcy Court for the District of New Jersey.  A year later, the Bankruptcy Court issued a final order authorizing them to permanently alter their employees' terms and conditions of employment.  In the interim, the NLRB filed a motion seeking to hold the nursing homes in contempt for

---

[2] The NLRB also argues that the plaintiffs have not met their burden of demonstrating that the requested injunction is necessary to protect them against irreparable harm.  Because I conclude that they have not shown a clear likelihood of success on the merits, I do not address the issue of irreparable harm.
[3] The NLRB has brought the following additional proceedings against the plaintiffs, all before ALJ Chu: 34-CA-072875, 34-CA-075226, 34-CA-083335, 34-CA-084717, and 01-CA-096349.

violating the injunction.  Pet. for Order in Civil Contempt, May 30, 2013, ECF No. 58.  That motion remains pending, having been held in abeyance pending the outcome of the administrative proceeding.

The hearing before ALJ Chu commenced in September 2012 and continued from time to time until October 2014, consuming a total of thirty-nine hearing days.  The hearing was then stayed due to an interlocutory appeal involving certain privilege issues.  The appeal was not resolved until 2019.  After COVID-related delays, the hearing resumed for seven days.  Plaintiffs then sought to stop the hearing based on the pendency of the bankruptcy case.  A stay was granted in 2022 but vacated on appeal in 2023.  See NLRB v. 710 Long Ridge Rd. Operating Co. II, LLC, No. 14-CV-01725 (JXN)(LDW), 2022 U.S. Dist. LEXIS 194854, at *8 (D.N.J. Oct. 25, 2022), vacated, No. 22-3046, 2023 U.S. App. LEXIS 10280, at *2 (3d Cir. Apr. 27, 2023).  Plaintiffs then brought the present action in the United States District Court for the District of New Jersey and moved for an emergency order preventing the hearing from going forward.  Appl. for TRO, Care One, LLC v. NLRB, 23-cv-03221 (D.N.J. June 20, 2023), ECF No. 1.  Because the action is closely related to the prior action still pending in this Court, it was transferred here.  Order of Transfer, Care One, LLC v. NLRB, 23-cv-03221 (D.N.J. June 23, 2023), ECF No. 30.

4

Following the transfer, I decided that further briefing was necessary and appropriate (the parties' original briefs filed in the District of New Jersey addressed only the law of the Third Circuit), and plaintiffs' application for an emergency order was therefore denied without prejudice.  As expected, the hearing before ALJ Chu then resumed for several days.

As the hearing now stands, the NLRB has completed its presentation of evidence on the merits of its allegations of unfair labor practices, and evidence is currently being presented on the alleged liability of certain entities as joint employers, the last phase of the NLRB's direct case, which is expected to take another five or six days.  Plaintiffs will then have a right to call witnesses and present other evidence before the record of the hearing is closed.

## II.

In the Second Circuit, a preliminary injunction may be issued when the movant establishes that it will suffer (1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor.  NXIVM Corp. v. Ross Inst., 364 F.3d 471, 476 (2d Cir. 2004).  In certain cases, injunctive relief is unavailable unless the movant demonstrates a clear or

substantial likelihood of success on the merits. This is such a case because the requested injunction would affect government action taken in the public interest pursuant to a statutory or regulatory scheme, County of Nassau v. Leavitt, 524 F.3d 408, 414 (2d Cir. 2008); and the relief sought would alter, rather than maintain, the status quo. Tom Doherty Assocs. v. Saban Ent., Inc., 60 F.3d 27, 33 (2d Cir. 1995).

Plaintiffs do not dispute that the order they seek would significantly affect the underlying enforcement action, which the NLRB is pursuing under authority entrusted to it by the NLRA. 29 U.S.C. § 153. The relief they seek, if granted on the basis of the defect in ALJ Chu's initial appointment, would invalidate the hearing he has conducted and require the NLRB to initiate a new hearing with a different ALJ. If granted on the basis of the protection against removal enjoyed by ALJs generally, the relief they seek might well prevent the NLRB from continuing the enforcement action without some change in existing statutes and regulations governing ALJs.

As to the impact of the requested injunction on the status quo, the Second Circuit has defined "status quo" as "the last actual, peaceable uncontested status which preceded the pending controversy." LaRouche v. Kezer, 20 F.3d 68, 74 n.7 (2d Cir. 1994). Plaintiffs contend that under this definition, the "status quo" is the situation that existed before the NLRB's

general counsel brought the underlying enforcement action. The NLRB counters that the "status quo" is the state of affairs that existed immediately prior to the filing of the present lawsuit. I agree with the NLRB.

The term "status quo" is commonly understood to mean "the situation that currently exists." See Status Quo, Black's Law Dictionary (11th ed. 2019). The requested injunction would dramatically alter, rather than simply maintain, the currently existing state of affairs between the parties by halting and nullifying the hearing before ALJ Chu, which has been ongoing (when not subject to stays) for a decade. Plaintiffs submit that they initiated this challenge to ALJ Chu's authority as soon as it became plausible to do so under applicable law. But the fact remains that the legitimacy of his authority to preside at the hearing was uncontested until this action was brought four months ago.

In practical effect, the requested injunction would turn back the clock for a decade, render null and void all that has transpired during the hearing before ALJ Chu, and require the NLRB to either start over or abandon the enforcement action. In these circumstances, plaintiffs are obliged to satisfy the heightened standard that traditionally applies when an injunction would alter, rather than preserve, the status quo.

III.

A.

Plaintiffs contend that the hearing before ALJ Chu must be nullified because he made evidentiary rulings before his faulty appointment was ratified by the NLRB. A substantially similar claim was recently rejected in Sun Valley Orchards, LLC v. U.S. Dep't of Labor, No. 1:21-CV-16625, 2023 WL 4784204 (D.N.J. July 27, 2023). In that case, an ALJ presided at an administrative hearing, and made rulings on evidentiary issues, before her faulty appointment was ratified. Id. at *6; NLRB's Resp. to Pls.'s Suppl. Mem. 8, ECF No. 69. But she made no final decision on the merits until after she was properly appointed. The court concluded that in such circumstances, it is unnecessary to require an agency to begin again with a new hearing before a different ALJ.

There may be cases in which rulings by an ALJ, made at a time when he or she lacked proper legal authority, require that the entire hearing be invalidated as a matter of fundamental fairness because of the rulings' significance in shaping the record and in the absence of any alternative, such as revisiting the rulings prior to a final merits decision. Plaintiffs have not shown that pre-ratification rulings by ALJ Chu make this a necessary and appropriate remedy. In a supplemental memorandum, they point to the following rulings that arguably could be considered adverse to them: (1) a decision to defer ruling on

8

the admissibility of evidence of alleged conduct predating the period covered by the statute of limitations, (2) a decision to exclude evidence relating to the bankruptcy proceeding, and (3) a decision to exclude evidence of strike notices sent to other employers by the union representing plaintiffs' employees.  Even assuming the matters encompassed by these three rulings cannot be revisited by ALJ Chu during the remainder of the hearing (which seems not to be true of the first and need not be true of the others), plaintiffs have not shown that the impact of the rulings on the development of the record justifies invalidating the hearing.  Accordingly, they have not shown a clear or substantial likelihood of success on this claim.

B.

Plaintiffs contend that the two-level, for-cause protection against removal for NLRB ALJs deprives the President of the ability to meaningfully control how they exercise executive power and therefore cannot be reconciled with the degree of executive accountability required by the Take Care Clause.  See U.S. Const., art II, § 3.  Plaintiffs rely on the Fifth Circuit's decision in Jarkesy v. SEC, 34 F.4th 446 (5th Cir. 2022), cert. granted, 22-859, 2023 WL 4278448 (June 30, 2023), holding that the reasons for invalidating the removal protection for PCAOB members at issue in Free Enterprise also require invalidation of the protection against removal enjoyed by ALJs.

9

The NLRB contends that the decision in Free Enterprise does not make it clearly likely that plaintiffs will succeed on this claim.  I agree.

In Free Enterprise, the Court stated that it was not addressing the constitutionality of removal protection afforded to ALJs, who perform adjudicative rather than enforcement or policymaking functions (and have done so in countless cases for decades).  561 U.S. at 507, n.10.  Consistent with that note of caution, two circuits have disagreed with the Fifth Circuit's decision in Jarkesy and declined to apply the holding in Free Enterprise to ALJs.  See Decker Coal Co. v. Pehringer, 8 F.4th 1123 (9th Cir. 2021); Calcutt v. FDIC, 37 F.4th 293, 314-17 (6th Cir. 2022), rev'd in part on other grounds 143 S. Ct. 1317 (2023).  The Supreme Court has granted certiorari in Jarkesy to resolve this conflict.  The Court might affirm the Fifth Circuit's decision, but it is not clearly likely that it will do so.

## IV.

Accordingly, the motion for preliminary injunction is hereby denied.

So ordered this fourth day of October 2023.

                                         /s/ RNC
                                   Robert N. Chatigny
                             United States District Judge